IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3328-FL

| | | |
|---|---|---|
| JERMAINE POMPEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DR. RON BELL, KIMBERLY WYNN, | ) | |
| KAY BECK, GEORGE W. BAYSDEN, | ) | |
| JR., | ) | |
| | ) | |
| Defendants. | ) | |

The matter comes before the court on defendants' respective motions for judgment on the pleadings (DE 34) and motion to dismiss (DE 38) pursuant to Federal Rule of Civil Procedure 12. Also before the court is defendant's motion for summary judgment (DE 43) pursuant to Federal Rule of Civil Procedure 56(a), as well as plaintiff's motion to appoint counsel (DE 54), motion to compel discovery (DE 55), and motion for a more definite statement (DE 57). Defendants motions were fully briefed, but defendants did not respond to plaintiff's motions. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court rules as follows.

**STATEMENT OF THE CASE**

On December 21, 2015, plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983, naming George W. Baysden, Jr. ("Baysden"), Kay Beck ("Beck"), Ron Bell ("Bell"), and Kimberly Wynn ("Wynn") as defendants. Plaintiff alleged that defendants Beck, Bell, and Wynn acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. Plaintiff additionally alleged that defendant Baysden

violated his constitutional rights in the course of plaintiff's disciplinary proceedings. Plaintiff subsequently filed a motion to appoint counsel. On May 20, 2016, the court conducted a frivolity review of plaintiff's action and allowed plaintiff to proceed. The court also denied plaintiff's motion to appoint counsel. Five days later, plaintiff filed a second motion to appoint counsel, which the court denied. The court then signed consent orders governing discovery and the disclosure of confidential documents which were filed by defendants Wynn and Bell. Plaintiff next filed a third motion to appoint counsel, which the court denied.

On September 13, 2016, defendants Baysden and Beck filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) arguing that plaintiff failed to exhaust his administrative remedies and that plaintiff failed to state a claim. The motion was fully briefed. On September 19, 2016, defendant Bell moved to dismiss plaintiff's action pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff failed to state a claim upon which relief may be granted. The motion was fully briefed. Plaintiff subsequently filed motions to appoint counsel, for a settlement conference, and to vacate the filing fee, which the court denied.

In the interim, defendant Wynn filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) solely on the grounds that plaintiff failed to exhaust his administrative remedies for his claims against her prior to filing the instant action. Plaintiff additionally filed a Statement of Material Facts as well as an Appendix which included the affidavit of Finesse G. Couch–the Executive Director of the North Carolina Inmate Grievance Resolution Board. The motion was fully briefed. Plaintiff subsequently filed a motion to appoint counsel, motion to compel discovery, and a motion for a more definite statement.

## STATEMENT OF FACTS

Plaintiff's complaint in its entirety states as follows:

> [Defendant] Bell had denied me of receiving the "orthopedic boots/shoes" every appointment that I [] had went to go visit him, the only thing that [] Bell would do is either request/order me medication or send me back repeatedly to Central Prison in Raleigh to get surgery again by the same two (2) "Podiatry Doctors" that not only messed up on my surgery three (3) times but they both also denied me of receiving the orthopedic boots/shoes all three (3) times . . . stated: "That if I am not a diabetic or do not have a job then I can not have or receive the orthopedic boots/shoes. [W]hen I went to my appointment to see [defendant] Wynn 11/10/15 at []Tabor C.I. medical, I told her that I need a pair of orthopedic boots/shoes and she denied me to as well saying that if I'm not diabetic or have a job then I can not receive or get a pair of orthopedic boots/shoes. Also, [defendant] Beck R.N. denied me to as well, telling me to follow the sick call process then once I follow the process [defendant] Beck [] denied me again saying, if I continue to have medical problem related to my feet then submit a sick call request. Then [defendant] Baysden Jr. Assistant Superintendent Programs read my grievance and remedy but still denied me to[o] by saying no further action recommended. The shoes that the state provides is the cost of me keep having these (in-grown toe nails).

(Compl. ¶ IV).

## DISCUSSION

A.    Motion to Appoint Counsel

Plaintiff has filed several motions to appoint counsel in this action. As stated in the court's previous orders denying plaintiff's requests for counsel, there is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163

3

(4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). As stated in the court's previous orders, plaintiff has demonstrated through the detail of his filings he is capable of proceeding *pro se*. Additionally, plaintiff's claim is not complex and is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

B.  Motion to Compel

Plaintiff seeks a court order compelling defendants to send him "all copies of [his] entire medical records." (DE 55, p. 1). The court has not yet entered a case management order setting forth a time period for discovery. Thus, plaintiff's motion is DENIED as PREMATURE.

C.  Dispositive Motions

   1.   Standard of Review

Pending before the court are a motion to dismiss pursuant to Rule 12(b)(6), a motion for judgment on the pleadings pursuant to Rule 12(c), and a motion for summary judgment pursuant to Rule 56(a). Beginning with the standard for a motion to dismiss, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating

whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

The court turns to the standard for a motion for judgment on the pleadings pursuant to Rule 12(c). Rule 12(c) allows a party to move for judgment on the pleadings, "after the pleadings are closed–but early enough not to delay trial. . . ." Fed. R. Civ. P. 12(c). In reviewing a motion for judgment on the pleadings, the court applies "the same standard" as for motions made pursuant to Rule 12(b)(6). Burbach Broad Co. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002). Thus, when a party moves for judgment on the pleadings pursuant to Rule 12(c), the factual allegations of the complaint are taken as true, whereas those of the answer are taken as true only to the extent that they have not been denied or do not conflict with those in the complaint. Pledger v. North Carolina Dep't of Health and Human Services, 7 F. Supp. 2d 705, 707 (E.D.N.C. 1998). A federal district court considering a motion to dismiss for failure to state a claim must view the allegations of the claim in the light most favorable to the non-moving party. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678; Twombly, 550 U.S. at 570.

As for a motion for summary judgment, summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

2. Analysis

a. Exhaustion of Administrative Remedies

Defendants Beck, Baysden, and Wynn argue that plaintiff's action against them should be dismissed because plaintiff failed to exhaust his administrative remedies. Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Ross v. Blake, __ U.S. __, 136 S. Ct. 1850, 1856 (2016) ("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account."); Custis v. Davis, 851 F.3d 358, 361-362 (4th Cir. 2017); Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted."

42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84. Exhaustion is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

The North Carolina Department of Public Safety ("DPS") has a three step administrative remedy procedure which governs the filing of grievances. See, e.g., Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). The DPS's Administrative Remedy Procedure ("ARP") first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. DOC ARP § .0301(a). If informal resolution is unsuccessful, the DPS ARP provides that any inmate in DPS custody may submit a written grievance on Form DC-410. DOC ARP § .0310(a). If the inmate is not satisfied with the decision reached at the step one level of the grievance process, he may request relief from the Facility Head. Id. at § .0310(b)(1). If the inmate is not satisfied with the decision reached by the Facility Head, he may appeal his grievance to the Secretary of Correction through the inmate grievance examiner. Id. § .0310(c)(1). The decision by the [Inmate Grievance Examiner] or a modification by the Secretary of Correction shall constitute the final step of the Administrative Remedy Procedure. Id. § .0310(c)(6).

The court begins with plaintiff's action against defendant Wynn, which arises out of plaintiff's contention that defendant Wynn denied him orthopedic shoes on November 10, 2015. (Compl. ¶ IV). The record reflects that plaintiff filed two grievances during the relevant time period of October 1, 2015, through December 21, 2015 (the date plaintiff filed the instant complaint).

7

(Couch Aff. ¶¶ 4, 5). Plaintiff filed his first grievance on August 24, 2015 (grievance number 4885-15-1205) and the second grievance on October 12, 2015 (grievance number 4885-15-1399). (Id. ¶¶ 5, 6 and Exs. A, B). Because plaintiff filed both grievances before November 10, 2015-the date plaintiff's cause of action arose against defendant Wynn–plaintiff failed to exhaust his administrative remedies for his claim against defendant Wynn prior to filing this action. Thus, defendant Wynn's motion for summary judgment is GRANTED, and plaintiff's action against defendant Wynn is DISMISSED without prejudice to allow plaintiff to exhaust his administrative remedies for his claim against Wynn.

The court now turns to plaintiff's action against defendant Beck. Defendant Beck contends that plaintiff's grievances did not provide defendant Beck adequate notice of plaintiff's complaints. The PLRA does not require particularity with respect to grievances. Rather, one of the main purposes of a prison grievance system is to allow administrators a fair opportunity to address the problem that will later form the basis of suit. Jones, 549 U.S. at 219; Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004); Moore, 517 F.3d at 729. To accomplish this goal, an inmate is required to allege conduct that will later be challenged in the civil lawsuit. See Moore, 517 F.3d at 729; see also, Sturkey v. Stirling, No. 2:13-cv-3451, 2014 WL 6460285, at *5 (D.S.C. Nov. 17, 2014) (finding that a grievance does not need to name particular defendants to be exhausted), aff'd, 599 F. App'x 533 (4th Cir. 2015). The court finds that the allegations in plaintiff's grievances provide defendant Beck with adequate notice of plaintiff's Eighth Amendment claim regarding his foot care. Thus, defendant Beck's motion to dismiss plaintiff's action for failure to exhaust administrative remedies is DENIED.

Finally, the court addresses the exhaustion issue with respect to plaintiff's action against defendant Baysden. Plaintiff's action against defendant Baysden does not arise out of the alleged unconstitutional medical care. Rather, plaintiff's claim against Baysden arises out of Baysden's participation in the review of plaintiff's grievance number 4885-15-1399. (Compl. ¶ IV). Generally, inmates do not have a constitutional right to have available or to participate in an effective grievance process. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); see also, Oliver v. Myers, No. 5:7:08-CV-558, 2008 WL 5212409, at *4 (W.D. Va. Dec. 12, 2008) (stating that "because state grievance procedures are separate and distinct from state and federal legal procedures, an institution's failure to comply with state grievance procedures does not compromise its inmates' right of access to the courts") (citation omitted), appeal dismissed, 335 F. App'x 317 (4th Cir. 2009). Further, even if available, a prison grievance procedure does not confer any substantive right upon inmates. Adams, 40 F.3d at 75. Thus, the court GRANTS defendant Baysden's motion to dismiss, and DISMISSES plaintiff's action against Baysden without prejudice for failure to state a claim.

  b.  Remainder of Plaintiff's Action

Plaintiff filed a pleading captioned "Motion for a More Definite Statement." Plaintiff's pleading is not a model of clarity. The court construes plaintiff's motion as a motion to amend his complaint. For good cause shown, the court GRANTS plaintiff's motion.[1]

Plaintiff must file one amended complaint. In his amended complaint, plaintiff must connect the named defendants with the alleged conduct which resulted in the alleged Eighth Amendment

---

[1] The court notes that plaintiff's contention that he suffered pain associated with an ingrown toenail which required surgery sufficiently states a serious medical need. See Hall v. Hopkins, No. 7:10-cv-393, 2012 WL 43510, *4 (W.D. Va. Jan. 9, 2012) ("Because Hall's chronic foot pain has been diagnosed by a physician, the Court finds that it constitutes a 'serious medical need' that satisfies the objective prong of the deliberate indifference test.").

9

violation. Plaintiff is reminded that his amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The court further notifies plaintiff that his amended complaint will be considered his complaint in its entirely, and the court will not review plaintiff's other filings to glean any misplaced claims. Finally, plaintiff may not, in his amended pleading, name other individuals not involved in the claim or make additional allegations concerning other prisons or defendants. The court will conduct a review of plaintiff's single amended complaint pursuant to 28 U.S.C. 1915(e)(2)(B) once it is filed. Because the court granted plaintiff leave to amend his complaint, defendant Beck's motion for judgment on the pleadings and defendant Bell's motion to dismiss for failure to state a claim are DENIED as MOOT.

## CONCLUSION

Based upon the foregoing, the court orders as follows:

(1) The motion for judgment on the pleadings (DE 34) filed by defendants Baysden and Beck is GRANTED in part and DENIED in part. The motion is GRANTED as to plaintiff's action against defendant Baysden, and plaintiff's action against defendant Baysden is DISMISSED without prejudice for failure to state a claim. The remainder of the motion is DENIED as to defendant Beck's exhaustion defense, and is DENIED as MOOT as to defendant Beck's argument that plaintiff failed to state a claim upon which relief may be granted;

(2) Defendant Bell's motion to dismiss (DE 38) is DENIED as MOOT;

(3) Defendant Wynn's motions for summary judgment (DE 43) is GRANTED. Plaintiff's action against defendant Wynn is DISMISSED without prejudice to allow plaintiff the opportunity to exhaust his administrative remedies against defendant Wynn;

(4) Plaintiff motion for a more definite statement or to amend his complaint (DE 57) is GRANTED. Plaintiff must file his <u>one</u> particularized complaint as directed above within **14 days** of this court's order. The clerk of court is DIRECTED to send plaintiff the form for filing a § 1983 action. In the event plaintiff fails to respond to this court's order, the clerk of court shall, without further order of the court, enter judgment dismissing the action without prejudice;

(5) Plaintiff's motion to appoint counsel (DE 54) is DENIED;

(6) Plaintiff's motion to compel (DE 55) is DENIED as PREMATURE.

SO ORDERED, this the 28th day of April, 2017.

LOUISE W. FLANAGAN
United States District Judge