IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3328-FL

| | | |
|---|---|---|
| JERMAINE POMPEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DR. RON BELL, KIMBERLY WYNN, | ) | |
| KAY BECK, and GEORGE W. | ) | |
| BAYSDEN, JR., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendant Kimberly Wynn's motion for judgment on the pleadings and to dismiss, filed pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c) (DE 76). The motion was fully briefed and the issues raised are ripe for adjudication. For the following reasons, the motion is granted in part and denied in part.

**STATEMENT OF THE CASE**

On December 21, 2015, plaintiff, a state inmate, filed this civil rights action pro se pursuant to 42 U.S.C. § 1983, naming George W. Baysden, Jr. ("Baysden"), Kay Beck ("Beck"), Dr. Ron Bell ("Bell"), and Kimberly Wynn ("Wynn") as defendants. Plaintiff alleged that defendants Beck, Bell, and Wynn acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. Plaintiff additionally alleged defendant Baysden violated his constitutional rights in the course of plaintiff's disciplinary proceedings. On May 20, 2016, the court conducted a frivolity review of plaintiff's action and allowed the matter to proceed.

On September 13, 2016, defendants Baysden and Beck filed motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing that plaintiff failed to exhaust his administrative remedies and that plaintiff failed to state a claim upon which relief can be granted. On September 19, 2016, defendant Bell moved to dismiss plaintiff's action pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing plaintiff failed to state a claim against him. On October 11, 2016, defendant Wynn filed motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) solely on the grounds that plaintiff failed to exhaust his administrative remedies for his claims against her prior to filing the instant action. On March 30, 2017, plaintiff filed motion for more definitive statement.[1]

On April 28, 2017, the court resolved defendants' motions as follows: 1) defendant Wynn's motion for summary judgment was granted and plaintiff's claims against defendant Wynn were dismissed without prejudice for failure to exhaust administrative remedies; 2) defendant Bell's motion to dismiss was denied as moot; 3) defendant Beck's motion for judgment on the pleadings was denied; and 4) defendant Baysden's motion for judgment on the pleadings was granted and plaintiff's claims against defendant Baysden were dismissed without prejudice for failure to state a claim. The court also construed plaintiff's motion for more definitive statement as motion to amend the original complaint, granted the motion to amend, and directed plaintiff to file amended complaint.

On May 15, 2017, plaintiff filed the amended complaint, alleging defendants Baysden, Beck, Bell, and Wynn were deliberately indifferent to his serious medical needs. Plaintiff included new allegations against both defendants Wynn and Baysden in the amended complaint. On November

---

[1]Plaintiff also filed numerous motions to appoint counsel, and motions to compel discovery, for settlement conference, and to vacate filing fee, all of which were denied. (See DE 10, 13, 30, 53, 59).

2, 2017, the court conducted frivolity review of plaintiff's amended complaint and allowed the

matter to proceed against all defendants, thereby reinstating plaintiff's claims against defendants

Wynn and Baysden.

On December 18, 2017, defendant Wynn filed the instant motion for judgment on the

pleadings and motion to dismiss, arguing plaintiff's amended complaint should be dismissed based

on failure to exhaust administrative remedies, for failure to state a claim on which relief can be

granted, and based on qualified immunity. Defendant Wynn also sought dismissal of plaintiff's

claims to the extent they were alleged against defendant Wynn in her official capacity. In response,

plaintiff requested a stay of these proceedings, which defendant Wynn opposed. On April 6, 2018,

the court denied plaintiff's motion for stay, and directed plaintiff to respond to the instant motion.

Plaintiff filed response to the instant motion on April 23, 2018.

## STATEMENT OF FACTS

Plaintiff's factual allegations against defendant Wynn are set forth below:

> The Defendant Kimberly Wynn P.A.-C was made aware of my injury
> and acted with "deliberate indifference" because she knew about my
> serious medial need and she failed to respond reasonably to it. She
> just continue to let me have on going [sic] foot pains causing further
> pain, suffering and injury. Therefore Kimberly Wynn violated my
> right to proper medical treatment and my right to be free from cruel
> and unusual punishment protected by the 8th Amendment of the
> United States Constitution. . . . I was delayed and denied medical
> treatment for my serious medical need causing further pain, suffering
> and injury. My left big toe was so affected that my whole toe had
> turn [sic] green along with fungus under the toe nail [sic]. Therefore
> it resulted in me having 8 different foot surgery operations due to the
> state institutions [sic] footwear that they provides [sic] such as:
> BBC's, New Balances, [and] work boots.

(Compl. ¶ V).  Additionally, plaintiff's amended complaint alleged he exhausted all available administrative remedies with respect to the foregoing allegations against defendant Wynn.  (Id. ¶ VI).

**DISCUSSION**

A.      Standard of Review

Pending before the court are a motions to dismiss and for judgment on the pleadings filed pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c).  A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).  A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements   of   a   cause   of   action,   .   .   .   bare   assertions   devoid   of   further   factual enhancement[,] . . . . unwarranted inferences, unreasonable conclusions, or arguments."  Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).  In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief.  Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

Rule 12(c) allows a party to move for judgment on the pleadings, "after the pleadings are closed – but early enough not to delay trial. . . ."  Fed. R. Civ. P. 12(c).  In reviewing a motion for judgment on the pleadings, the court applies "the same standard" as for Rule 12(b)(6) motions.

Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002). Thus, when a party moves for judgment on the pleadings pursuant to Rule 12(c), the factual allegations of the complaint are taken as true, whereas those of the answer are taken as true only to the extent that they have not been denied or do not conflict with those in the complaint. Pledger v. N.C. Dep't of Health and Human Services, 7 F. Supp. 2d 705, 707 (E.D.N.C. 1998); see also Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014) (noting court must accept all well-pleaded allegations in plaintiff's complaint as true when resolving motion for judgment on the pleadings).

B.     Analysis

1.     Exhaustion of Administrative Remedies

Defendant Wynn argues plaintiff failed to exhaust administrative remedies as to his claims against her prior to filing suit. The Prison Litigation Reform Act ("PLRA"), as codified at 42 U.S.C. § 1997e, states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."). A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion, however, is an affirmative defense, and should not be resolved on the pleadings except when failure to exhaust is apparent from the face of the complaint. Wilcox v. Brown, 877 F.3d 161, 167 (4th Cir. 2017).

Defendant Wynn does not dispute plaintiff exhausted administrative remedies with respect to his allegations he failed to receive medical care for his ingrown toenail. (Mem. (DE 77) at 14-15, 16; see also Couch Aff. (DE 46-1) ¶ 6 & Ex. B). Defendant Wynn, however, asserts plaintiff's grievance concerning his ingrown toenail was insufficient to put prison officials on notice of any claims against defendant Wynn, because plaintiff's cause of action did not arise against defendant Wynn until November 10, 2015, after plaintiff filed the relevant grievance. As support for this argument, defendant Wynn notes plaintiff alleged in his original complaint that he was seen by defendant Wynn on November 10, 2015, and he filed his grievance concerning the toenail on October 12, 2015. (Mem. (DE 77) at 13-14).

The court rejects this argument. Plaintiff is not required to plead and prove exhaustion in his complaint. Wilcox, 877 F.3d at 167. And the face of the operative amended complaint does not indicate plaintiff first saw defendant Wynn after filing the relevant grievance and therefore failed to exhaust administrative remedies as to his claims against her. Defendant Wynn emphasizes the original complaint alleges plaintiff first saw defendant Wynn after he filed the relevant grievance. But defendant Wynn cites no authority for the implied assertion that plaintiff is bound by the precise factual allegations set forth in his original complaint when he files an amended complaint. See Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) ("A pleading that has been amended supersedes the pleading it modifies. Once an amended pleading is interposed, the original pleading no longer performs any function in the case.") (quotation and alterations omitted); see also Ayres v. Ocwen Loan Servicing, LLC, 129 F. Supp. 3d 249, 270 n.34 (D. Md. 2015) (refusing to consider documents attached to original complaint when considering motion to dismiss amended complaint because amended complaint superseded original complaint). Construing all facts in the

light most favorable to plaintiff, the amended complaint may have omitted the date defendant Wynn treated plaintiff simply because plaintiff remembered, after he was directed to file an amended complaint, that he was treated by her at some time before he filed the grievance.

Defendant Wynn argues the court should consider the materials filed in connection with her previous motion for summary judgment in resolving the instant motion, which she asserts establish plaintiff failed to exhaust his administrative remedies as to defendant Wynn. Even assuming the court should consider such evidence on a motion for judgment on the pleadings, the current record evidence establishes plaintiff exhausted his administrative remedies. The PLRA only requires that grievances provide "prison officials a fair opportunity to address the problem that eventually formed the basis of the lawsuit." Moore v. Bennette, 517 F.3d 717, 729 (4th Cir. 2008) (quotation and alterations omitted). Plaintiff's grievance explains in detail his allegations that he was not receiving adequate medical care from medical staff for his ingrown toenail. (Couch Aff. (DE 46-1) Ex. B). Plaintiff's grievance was therefore sufficient to put any medical providers who treated plaintiff's toenail during the time frame set forth in the grievance on notice of his claims. See Wilcox, 877 F.3d at 167 n.4. And, contrary to defendant Wynn's suggestions otherwise, the current record before the court unequivocally establishes defendant Wynn was one of those providers. Plaintiff, for example, specifically named defendant Wynn in the grievance. (Couch Aff. (DE 46-1) Ex. B at 14, 15). Moreover, defendant Wynn has admitted in her subsequent filings that she treated plaintiff for his ingrown toenail before he filed the October 12, 2015 grievance. (See, e.g., DE 110 at 5 ("[Defendant] Wynn provided care to plaintiff at Tabor from June 1, 2015, the date he first complained of the medical issue related to the allegations contained in his Particularized Complaint, through June 6, 2016 . . . .").

Based on the foregoing, the court denies defendant Wynn's motions to the extent they seek dismissal of plaintiff's claims based on failure to exhaust administrative remedies.

2.      Motion to Dismiss and Qualified Immunity

Defendant Wynn also argues plaintiff's allegations fail to state a claim on which relief can be granted.  To state a claim for deliberate indifference to serious medical needs, plaintiff must allege that he is suffering from a serious medical need, and that prison officials knew of and disregarded that condition.  Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008); see also Farmer v. Brennan, 511 U.S. 825, 837 (1994).  A serious medical need is one that has been diagnosed by a physician as mandating treatment.  Iko, 535 F.3d at 241.  Although establishing deliberate indifference at trial or summary judgment is difficult, alleging such a claim is necessarily less challenging.  See Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009).

Plaintiff alleges the ingrown toenail required multiple surgeries, and thus the court readily concludes plaintiff sufficiently alleged his medical issue was diagnosed by a physician as requiring treatment.  (Am. Compl. (DE 60) ¶ V); Iko, 535 F.3d at 241.  Plaintiff also sufficiently alleges defendant Wynn knew of and disregarded the ingrown toenail.  Plaintiff alleges defendant Wynn "knew about my serious medical need and she failed to respond reasonably to it, she just continue to let me have on going [sic] foot pains causing further pain, suffering, and injury."  (Am. Compl. (DE 60) ¶ V).  While these allegations are somewhat bereft of factual specificity, the court must give the plaintiff's pro se complaint a liberal construction.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).   Under that standard, the court finds  the allegations are sufficient to state a deliberate indifference claim.

Plaintiff also argues defendant Wynn is entitled to qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In other words, a government official is entitled to qualified immunity when 1) the plaintiff has not demonstrated a violation of a constitutional right, or 2) the court concludes that the right at issue was not clearly established at the time of the official's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

As set forth above, respondent has sufficiently alleged a claim for deliberate indifference to serious medical needs. "A prisoner's right to adequate medical care and freedom from deliberate indifference to medical needs has been clearly established by the Supreme Court and this Circuit since at least 1976 . . . ." Scinto v. Stansberry, 841 F.3d 219, 236 (4th Cir. 2016). Thus, at this stage of the proceedings, defendant Wynn is not entitled to qualified immunity.

3.      Official Capacity Claims

Finally, defendant Wynn seeks dismissal of plaintiff's official capacity claims. An action by a private party to recover money damages from state officials in their official capacity is effectively a suit against the state and, absent a valid waiver, such actions are barred by the Eleventh Amendment. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Huang v. Bd. of Governors of Univ. of N.C., 902 F.2d 1134, 1138 (4th Cir. 1990). North Carolina has not waived Eleventh Amendment immunity for plaintiff's § 1983 claims. Accordingly, defendant Wynn's motion to dismiss plaintiff's official capacity claims is GRANTED, and such claims are dismissed without prejudice.

**CONCLUSION**

Based on the foregoing, defendant Wynn's motions for judgment on the pleadings and to dismiss (DE 76) are GRANTED in part and DENIED in part. The motions are GRANTED to the extent they seek dismissal of plaintiff's official capacity claims against defendant Wynn, and such claims are DISMISSED without prejudice. The motions are DENIED in all other respects.

SO ORDERED, this the 6th day of September, 2018.


LOUISE W. FLANAGAN
United States District Judge