IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3328-FL

| | | |
|---|---|---|
| JERMAINE POMPEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DR. RON BELL, KIMBERLY WYNN, | ) | |
| KAY BECK, and GEORGE W. | ) | |
| BAYSDEN, JR., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motions for summary judgment (DE 96, 106, 129), and plaintiff's motion for judgment as a matter of law (DE 117). Plaintiff did not file substantive responses to the motions for summary judgment. Defendants Bell, Beck, and Baysden filed responses to plaintiff's motion for judgment as a matter of law. In this posture, the issues raised are ripe for decision. For the following reasons, the court grants defendants' motions for summary judgment and denies plaintiff's motion for judgment as a matter of law.

## STATEMENT OF THE CASE

On December 21, 2015, plaintiff, a state inmate, filed this civil rights action pro se pursuant to 42 U.S.C. § 1983, naming George W. Baysden, Jr. ("Baysden"), Kay Beck ("Beck"), Dr. Ron Bell ("Bell"), and Kimberly Wynn ("Wynn") as defendants. Plaintiff alleged that defendants Beck, Bell, and Wynn acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Plaintiff additionally alleged defendant Baysden violated his constitutional rights in

the course of plaintiff's disciplinary proceedings. On May 20, 2016, the court conducted its frivolity review of plaintiff's action and allowed the matter to proceed.

On April 28, 2017, the court entered order resolving various Fed. R. Civ. P. 12 motions filed by defendants Bell, Baysden and Beck, and defendant Wynn's first motion for summary judgment. The court granted defendant Wynn's motion for summary judgment based on failure to exhaust administrative remedies and dismissed defendant Wynn without prejudice; denied defendant Bell's motion to dismiss; and granted in part and denied in part defendants Beck and Baysden's motion for judgment on the pleadings, dismissing plaintiff's claims against defendant Baysden. The April 28, 2017, order also directed plaintiff to file an amended complaint particularizing his claims, which plaintiff timely filed. Plaintiff's amended complaint contained new allegations that defendants Wynn and Baysden were deliberately indifference to plaintiff's serious medical needs.

On November 2, 2017, the court conducted its frivolity review of plaintiff's amended complaint and reinstated plaintiff's claims against defendants Wynn and Baysden. On November 16, 2017, the court appointed North Carolina Prisoner Legal Services, Inc. to conduct discovery on plaintiff's behalf pursuant to Standing Order 17-SO-03.[1] On December 11, 2017, the court entered case management order, providing that discovery closed on May 16, 2018.

On December 18, 2017, defendant Wynn filed motion for judgment on the pleadings, or in the alternative, motion ot dismiss, directed to plaintiff's amended complaint. After granting extension of time for plaintiff to respond, the court granted the motion in part, and denied it part by

---

[1] NCPLS moved to withdraw from representation on May 14, 2018, which the court granted. Plaintiff also has filed numerous motions to appoint counsel to assist with other aspects of this case, all of which were denied. (See DE 10, 13, 30, 53, 59, 114).

order dated September 6, 2018. The court granted the motion to the extent it sought dismissal of plaintiff's official capacity claims, and denied the motion in all other respects.

After discovery closed, the parties filed the following instant dispositive motions. Defendant Bell filed motion for summary judgment on June 18, 2018, arguing the undisputed evidence establishes he was not deliberately indifferent to plaintiff's serious medical needs. In support of the motion, defendant Bell filed memorandum of law, statement of material facts, and 357 pages of plaintiff's medical records and North Carolina Department of Public Safety ("DPS") records.[2] On July 7, 2018, plaintiff filed a document purporting to respond to defendant Bell's motion, but the document does not substantively address defendant Bell's arguments.

Defendant Wynn filed her second motion for summary judgment on June 27, 2018, also arguing the undisputed evidence establishes she was not deliberately indifferent to plaintiff's serious medical needs. In support of the motion, defendant Wynn filed memorandum of law, statement of material facts, affidavit of defendant Wynn, and attached as exhibits plaintiff's DPS movement records and medical records. Plaintiff did not file response to defendant Wynn's motion.

Plaintiff filed motion for judgment as a matter of law on August 22, 2018. Defendants Bell, Beck, and Baysden timely filed responses in opposition to plaintiff's motion.

Defendants Beck and Baysden filed motion for summary judgment on October 2, 2018, also arguing the undisputed evidence establishes they were not deliberately indifferent to plaintiff's serious medical needs. In support of their motion, defendants Beck and Baysden filed memorandum of law, statement of material facts, affidavits of defendants Beck and Baysden, and attached as

---

[2]Counsel did not clearly identify the exhibits or provide an index, as required by the court's electronic case filing policy manual. See CM/ECF Policy Manual § V.E.

exhibits plaintiff's DPS records and certain DPS policies and procedures regarding inmate medical care. Plaintiff did not respond to the motion.³

## STATEMENT OF FACTS

Plaintiff was an inmate at the Tabor Correctional Institution ("Tabor C.I.") during the relevant time period. (Compl. (DE 60) § V). Plaintiff alleges defendants were deliberately indifferent to his serious medical needs by failing to provide adequate medical care for his ingrown toenail, or by failing to respond to his requests for medical care. (Id.)

The relevant facts concerning each defendant are set forth below. As noted, plaintiff did not file substantive responses to defendants' motions for summary judgment, and his complaints are not verified. Accordingly, the court recounts the facts as provided in defendants' affidavits, exhibits attached thereto, and other admissible medical records submitted in connection with the instant motions.

    1.     Defendants Bell and Wynn

Defendant Bell is a medical doctor at Tabor C.I. (Bell Statement of Material Facts (DE 97) ¶ 1). Defendant Bell personally examined plaintiff for his complaints of ingrown toenails on April 20, 2015, May 11, 2015, June 9, 2015, July 28, 2015, and August 24, 2015. (Bell App. (DE 97-1) at 89-90, 97-98, 101, 105 164).⁴ During the course of those appointments, defendant Bell evaluated plaintiff's ingrown toenail, prescribed cephalexin to address the pain and inflamation, and referred

---

    ³The court provided plaintiff notice of right to respond pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) as to each of defendants' dispositive motions. (DE 104, 111, 130).

    ⁴Because the court's assigned electronic case filing (ECF) page numbers are illegible on defendant Bell's appendix, the court uses the page numbering on the top right corner of the documents solely for citation to defendant Bell's appendix. In all other cases, the page numbers specified in the citations to the record in this order refer to the page number of the document designated in the court's ECF system, and not to page numbering, if any, specified on the face of the underlying document.

plaintiff to a podiatrist for surgery. (Id. at 89-90, 97-98, 101-02, 105, 150). Defendant Bell also submitted referrals for podiatry care to the Utilization Review Board, the DPS body that must approve such requests. (Id. at 1, 3-4).

Defendant Wynn is a physician assistant at Tabor C.I. (Wynn Aff. (DE 109) ¶ 2). Defendant Wynn began treating plaintiff for his toenail issues after a podiatrist removed plaintiff's ingrown toenail on his left great toe on October 15, 2015. (Id. ¶ 15). That same day, defendant Wynn reviewed plaintiff's chart, ordered Percocet for his pain (which had been prescribed by the podiatrist), and submitted Utilization Review Board request ("UR Request") for silvasorb gel to treat plaintiff's toe following surgery. (Id.)

On November 10, 2015, defendant Wynn examined plaintiff after he complained that his ingrown toenail on his left great toe had returned following surgery, and that he was suffering from a new ingrown toenail on his right great toe. (Id. ¶ 22). Defendant Wynn determined that plaintiff's toenail issues had returned, and required further evaluation by a podiatrist. (Id.) Although plaintiff was scheduled for an upcoming podiatry appointment, defendant Wynn believed he needed to be seen by a podiatrist prior to the date of the scheduled appointment. (Id.) Defendant Wynn therefore submitted a UR Request for an earlier consultation. (Id.) Defendant Wynn also prescribed antibiotics and pain medications for plaintiff to take in the interim, ordered a wound culture, and submitted a UR Request for plaintiff to attend physical therapy to address his complaints of ankle pain. (Id.)

On November 13, 2015, defendant Wynn reviewed plaintiff's chart following his November 12, 2015, podiatry appointment, and entered an order for plaintiff to apply silvasorb gel to the affected toenails every three days for a month. (Id. ¶ 24). On December 11, 2015, defendant Wynn

5

conducted another review of plaintiff's chart, and noted plaintiff's podiatrist had determined the toenail issues had resolved and therefore no additional medical treatment of his toenail was necessary. (Id. ¶ 29).

On January 19, 2016, defendant Wynn examined plaintiff after he complained of additional toenail issues and foot and ankle pain. (Id. ¶¶ 31-32). Defendant Wynn examined plaintiff's toenails and diagnosed him with chronic foot and ankle pain, chronic ingrowing toenails, chronic onychia and paronychia of the toe, and chronic pain in the soft issue of the toe. (Id. ¶ 32). Based on these diagnoses, defendant Wyn prescribed plaintiff pain medication, referred him for another podiatry consultation, and requested the podiatrist evaluate plaintiff for possible prescription for orthopaedic shoes. (Id.) Defendant Wynn submitted UR Request for the podiatry consultation that same day. (Id.) During the appointment, plaintiff complained of possible high blood pressure and requested blood pressure medication, but defendant Wynn determined that such was not medically necessary because plaintiff's blood pressure readings, with one exception, had been normal. (Id.)

On January 27, 2016, defendant Wynn examined plaintiff again for a routine history and physical. (Id. ¶ 33). Plaintiff did not complain of toenail pain during that appointment, and defendant Wynn therefore did not evaluate his ingrown toenails. (Id.) Defendant Wynn ordered routine laboratory tests and continued plaintiff on ibuprofen as needed for pain. (Id.) On February 23, 2016, after receiving the results of the laboratory tests, defendant Wynn ordered additional diagnostic testing to address certain abnormal readings. (Id. ¶ 36). On February 24, 2016, DPS transferred plaintiff to a new prison, and defendant Wynn did not treat plaintiff between February 24, 2016, and June 6, 2016, the date plaintiff alleges is the end of the relevant time period for this lawsuit. (Id. ¶ 37; Am. Compl. (DE 60) § V).

2.      Defendants Beck and Baysden

Defendant Baysden, the Assistant Superintendent for Programs at Tabor C.I., had no involvement in plaintiff's medical care or providing plaintiff access to such care. (See Baysden Decl. (DE 129-1) ¶ 15). Defendant Beck, a registered nurse at Tabor C.I., did not treat plaintiff as a patient during the time period alleged in the complaint and did not otherwise prevent plaintiff from accessing medical services. (Beck Decl. (DE 129-2) ¶¶ 17-18).

## DISCUSSION

A.    Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party "may not rest upon the mere allegations or denials of his pleading" but "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 248-49; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

B.    Analysis

As noted, plaintiff alleges defendants failed to provide constitutionally adequate medical care in violation of the Eighth Amendment. "[D]eliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014). To establish deliberate indifference to serious medical needs, plaintiff must demonstrate that he is suffering from a serious medical need, and that prison

7

officials knew of and disregarded that condition. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008); see also Farmer v. Brennan, 511 U.S. 825, 837 (1994). Medical malpractice or disagreement between an inmate and a healthcare provider over treatment does not rise to the level of deliberate indifference. See, e.g., Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

The undisputed evidence, as set forth above, demonstrates defendants Bell and Wynn were not deliberately indifferent to plaintiff's toenail issues. On the contrary, the record reflects they carefully treated plaintiff for his toenail issues on multiple occasions during the relevant time period, and that plaintiff was seen by medical or nursing staff virtually every time he complained about such issues. (See generally Wynn Aff. (DE 109)); Wright, 766 F.2d at 849 (holding plaintiff cannot establish deliberate indifference where the record evidence demonstrates plaintiff received treatment for his medical condition on multiple occasions and plaintiff merely disagrees with defendants' care). And where plaintiff failed to respond to the motions for summary judgment, he has not met his burden of showing a genuine dispute as to the evidence submitted by defendants Bell and Wynn. The court therefore grants defendants Bell and Wynn's motions for summary judgment.

Defendants Beck and Baysden have submitted undisputed evidence that they did not treat plaintiff's medical conditions and did not prevent plaintiff from receiving medical care. The record therefore establishes defendants Beck and Baysden were not deliberately indifference to plaintiff's serious medical needs. See Iko, 535 F.3d at 242 (defendant must have been personally involved in alleged failure to provide medical care to establish deliberate indifference to serious medical needs). Accordingly, the court also grants defendants Beck and Baysden's motion for summary judgment.

**CONCLUSION**

Based on the foregoing, defendants' motions for summary judgment (DE 96, 106, 129) are GRANTED. Plaintiff's motion for judgment as a matter of law (DE 117) is DENIED as moot. The clerk is DIRECTED to close this case.

SO ORDERED, this the 1st day of February, 2019.

LOUISE W. FLANAGAN
United States District Judge